## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

TERRI D. ROLAND,

               Plaintiff,

vs.

               Case No. 07-CV-290-FHM

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

               Defendant.

## OPINION AND ORDER

Plaintiff, Terri D. Rolland, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1]  In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1]  Plaintiff's January 20, 2004, application for disability benefits was denied initially and on reconsideration.  A hearing before Administrative Law Judge ("ALJ") Gene M. Kelly was held January 17, 2006.  By decision dated October 16, 2006, the ALJ entered the findings that are the subject of this appeal. The Appeals Council affirmed the findings of the ALJ on March 20, 2007.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was nearly 44 years old at the time of the hearing before the ALJ.  She has a college education and formerly worked as receiving clerk and accounts payable clerk. She claims to have been unable to work since June 27, 2003, as a result of diabetes mellitus, hypertension, and problems with right ankle, hands, feet, headaches vision problems and depression.  The ALJ determined that Plaintiff has the capacity to lift and/or carry 20 pounds, stand and/or walk 6 hours in an 8 hour workday at 30 minute intervals and sit 6 hours in an 8 hour workday at 2 hour intervals.  She has the ability to occasionally climb, bend, stoop, squat, kneel, crouch, and operate foot controls.  She is slightly limited in her ability to finger, feel and grip.  There are additional environmental restrictions.  She should avoid peripheral vision and depth perception and can perform no fine vision.  She can perform only simple repetitive and routine tasks and is slightly limited in reference to contact with the general public, co-workers and supervisors. [R. 35].

The ALJ found Plaintiff was unable to perform her past relevant work.  Based on the testimony of the vocational expert, the ALJ determined that Plaintiff can perform the job of cafeteria attendant, a job that exists in significant numbers in the regional and national economy.  The case was thus decided at step five of the five-step evaluative sequence for

2

determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence.  Specifically, Plaintiff argues that the ALJ: failed to make a proper determination at step 5 because the hypothetical question propounded to the vocational expert excluded the performance of fine vision but the job identified by the vocational expert requires that ability; accepted the job identified although it deviates from the Dictionary of Occupational Titles (DOT) without explanation from the vocational expert; and failed to perform a proper credibility determination.   The Court concludes that the record contains substantial evidence supporting the ALJ's denial of benefits in this case, and that the ALJ applied the correct standards in evaluating the evidence.   Therefore the Commissioner's denial of benefits is AFFIRMED.

## **Step Five Determination**

In *Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999) the Court held:

> the ALJ must investigate and elicit a reasonable explanation for any conflict between the Dictionary [of Occupational Titles] and the [vocational] expert testimony before the ALJ may rely on the expert's testimony to support a determination of nondisability.

Based on the holding in *Haddock*, Plaintiff argues that the case should be reversed because the ALJ failed to have the vocational expert explain the conflict between the DOT and his opinion that Plaintiff could perform the work of a cafeteria worker.  According to Plaintiff, a conflict exists because the ALJ found Plaintiff could perform a job that requires no "fine vision" but the DOT listing for cafeteria worker job requires fine vision for up to one-third of the day.

3

The Court rejects the underlying premise of Plaintiff's argument that there are unexplained conflicts between the DOT and the vocational expert's testimony.  The DOT listing for cafeteria attendant is 311.677-010. [Dkt. 15-2].  The listing does not employ the term "fine vision," but uses the term "near acuity" and states that the need for "near acuity" exists "up to 1/3 of the time."  *Id.* at 3.  Review of the vocational expert's testimony and the refinements contained in the ALJ's hypothetical questioning demonstrate that there are no unexplained conflicts to be resolved.  The ALJ fully explored the subject of whether Plaintiff could perform the cafeteria attendant job with the specific limitations he found to exist.

The ALJ asked the vocational expert a series of hypothetical questions. [R. 343-349].  The first hypothetical pertained to whether Plaintiff could perform her past relevant work as an accounts payable clerk or receiving clerk.  The vocational expert testified that Plaintiff could not return to that work because both positions require "good visual acuity and near acuity." [R. 344].  She also testified that Plaintiff had transferable skills, but those skills all required "good near acuity." [R. 344-45].  Concerning other suitable jobs, the vocational expert testified to the existence of a number of positions at the medium and light exertional level, including the cafeteria attendant job, adding: "[y]our Honor, I do not have any sedentary positions that would fit the hypothetical because of the need for near acuity at the sedentary positions."  *Id.* at 345.

The ALJ then changed the hypothetical question adding restrictions on use of the hands and qualifying the vision restrictions, as follows:

> I'm going to put a slight limitation on finger, feel, and grip.  Now I'm not restricting her where she can't use her hands and fingers at work but there'd be a little diminution.  And she could put her kids – she should deal with small tedious tasks with her

4

fingers.  She can put her kids bicycle together but she might have trouble playing with her kids erector set.

\*     \*     \*

I'm going to put avoid depth perception.  Now when I put this in, this about the depth perception, I'm not saying, again, she can't use her eyes or vision at work but her tasks shouldn't involve specific lining up of things.  I know that, you know, sometimes if you have no depth perception at all you can't really, you can't even go out of the house.  That, I'm not restricting it that way but I'm trying to say she shouldn't be trying to put things to fine tolerances or things of that nature. And it should be avoid or have no fine vision.  And, again, she shouldn't be doing small tedious tasks with her eyes like pen [sic] and clip fastening or working with small nuts and bolts. She can work with big stuff.

[R. 346-47].  The ALJ thus made it clear exactly what was meant by no fine vision in his hypothetical.  It was also clear from the vocational expert's testimony that she was aware of the visual acuity requirements for the various jobs discussed, and particularly for the cafeteria attendant job.  Based on the thoroughness of the hypothetical question and the thoroughness of the vocational expert's answers, the undersigned finds there was no unresolved conflict between the vocational expert's testimony and the DOT.  *See Newburn v. Barnhart*, 62 Fed.Appx. 300, 304 (10th Cir. 2003)(affirming ALJ's decision where the ALJ addressed the issue of whether specific jobs could be performed in light of specific limitations).

Plaintiff also argues that the limitation of the use of her hands for gripping, feeling and fingering precludes performance of the job of cafeteria attendant because it requires frequent handling for up to two-thirds of a day, and occasional fingering of up to one third of the day.  The ALJ fully explained what he meant when he "put a slight limitation on finger, feel, and grip" [R. 346].  That limitation is not inconsistent with the medical record or the DOT listing for cafeteria attendant.

5

The court rejects Plaintiff's contention that limiting her to performance of simple, repetitive and routine tasks precludes the performance of the cafeteria attendant job which requires a reasoning level of 2.  Reasoning level 2 is one of 6 levels of reasoning development that are assigned to jobs in the DOT.  Level 1 is the lowest level and 6 is the highest.  Level 2 requires the ability to: "Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions."  DOT; Appendix C, p. 1011.  The Court disagrees that reasoning level 2 is precluded by the ALJ's findings.

The reasoning development level in the DOT addresses the degree of analytical problem solving required by a job.  A designation that a job involves carrying out detailed, but uninvolved instructions indicates that every step of the process is defined, but that the process is fairly simple, ie. uninvolved.  Nothing about that circumstance is inconsistent with the ALJ's findings.  This conclusion is supported by *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005).  In *Hackett*, the Court remanded the case because there was a conflict between the Plaintiff's ability and the level 3 reasoning required by the jobs identified.  In that case the ALJ found:  "Mentally, [Plaintiff] retains the attention, concentration, persistence and pace levels required for simple and routine work tasks."  *Id*. The Court found that residual functional capacity was not consistent with jobs having a level 3 reasoning requirement but noted that a level 2 reasoning appeared to be consistent with the residual functional capacity finding.  *Id.*[2]

The Court finds that the ALJ performed a proper credibility determination.  The Court finds that the ALJ considered the kinds of factors set forth in *Luna v. Bowen*, 834 F.3d 161,

---

[2] Plaintiff's suggestion that *Cooper v. Barnhart*, 2004 WL 2381515 *4 (N.D. Okla. 2004) is controlling in this case is rejected.  *Cooper* predates the *Haddock* decision.

6

163-64 (10th Cir. 1987) in evaluating the credibility of Plaintiff's allegations.  Further, he recited what specific evidence he relied on in considering those factors, as required by *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995).  Plaintiff essentially disagrees with the weight the ALJ gave to the relevant factors.  However, the Court may not reweigh the evidence on appeal.  Plaintiff also argues that the ALJ "failed to discuss some of the *Luna* factors." [Dkt. 15, p. 4].  However, as long as the ALJ sets forth the specific evidence he relies on in evaluating Plaintiff's credibility, he is not required to make a "formalistic factor-by-factor recitation of the evidence."  *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).  The ALJ set forth the specific evidence he relied upon, including her activities, lack of restrictions placed by treating physicians, strength testing, and vision correction.  [R. 38].  The ALJ applied the correct legal standards in evaluating Plaintiff's subjective allegations of pain and his determination on this matter is supported by substantial evidence in the record.

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts.  The Court further finds there is substantial evidence in the record to support the ALJ's decision.  Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 20th day of May, 2008.

**FRANK H. McCARTHY**
UNITED STATES MAGISTRATE JUDGE

7